108 P.3d 169 (2005)
126 Wash.App. 243
STATE of Washington, Respondent,
v.
Matthew Clifford ARTHUR, Appellant.
No. 31502-5-II.
Court of Appeals of Washington, Division 2.
March 8, 2005.
*170 John A. Hays, Attorney at Law, Longview, WA, for Appellant.
A.O. Denny, Cowlitz County Prosecutors Office, Kelso, WA, for Respondent.
BRIDGEWATER, J.
¶ 1 Matthew Clifford Arthur appeals his conviction for a felony violation of a no contact order. Because there is no evidence of two previous convictions for violating the provisions of an order issued under the statutes specified in RCW 26.50.110, we reverse the conviction, remand for entry of a judgment for misdemeanor violation of a no-contact order, and for resentencing.
¶ 2 We also expressly disagree with our colleagues in Division One in State v. Carmen, 118 Wash.App. 655, 77 P.3d 368 (2003), review denied, 151 Wash.2d 1039, 95 P.3d 352 (2004), and hold that whether prior convictions for no-contact orders fall under the proviso of RCW 26.50.110 is an element of the felony offense. The matter, not just of a conviction but a conviction of a specified statute, must be found beyond a reasonable doubt by a jury. A trial court is not permitted to determine whether the prior violations were of the prerequisite statutes and relieve the State from proving an essential element of the crime beyond a reasonable doubt. We reverse and remand.
¶ 3 On December 25, 2003, Brittany O'Reilly called the police to report that Matthew Arthur, her mother's boyfriend, had assaulted her. When the police checked their records, they found a valid no-contact order. The no-contact order barred Arthur from contacting Bridget O'Reilly, Brittany's mother, or being within 100 yards of her residence
¶ 4 Officer Tim Gower of the Kelso Police Department responded to the call. He first spoke with Brittany and learned that she and her mother had fought verbally earlier that evening. Arthur began yelling at Brittany, grabbing her by the hair, and dragging her down the hallway. Bridget initially denied that Arthur was at her residence.
¶ 5 While Officer Gower spoke with Brittany and Bridget, other officers located Arthur hiding under the back deck of the house. The police arrested him and took him to the Cowlitz County jail. On December 30, the State charged Arthur with domestic violence court order violation (count I) and assault in the fourth degree-domestic violence (count II).
¶ 6 Before trial, the State sought to admit six exhibits. Three of these exhibits were certified copies of no-contact orders with Arthur's name listed as the defendant. The other three documents were judgments and sentences. Exhibit 4 was a judgment and sentence from the Cowlitz County Superior Court for the crimes of felony harassment  *171 domestic violence and "VIO NO-CONTACT ORDER."

I. Insufficient Evidence of Two Previous Convictions
¶ 7 The statute at issue in this case is RCW 26.50.110. RCW 26.50.110(1) states in part:
Whenever an order is granted under this chapter, chapter 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or there is a valid foreign protection order as defined in RCW 26.52.020, and the respondent or person to be restrained knows of the order, a violation of the restraint provisions, or of a provision excluding the person from a residence, workplace, school, or day care, or of a provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location, or of a provision of a foreign protection order specifically indicating that a violation will be a crime, for which an arrest is required under RCW 10.31.100(2)(a) or (b), is a gross misdemeanor except as provided in subsections (4) and (5) of this section.
¶ 8 Violating the statute is a gross misdemeanor unless subsections 4 or 5 apply to the defendant. RCW 26.50.110(5) states in part:
A violation of a court order issued under this chapter, chapter 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter, chapter 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020.
¶ 9 The information alleges that Arthur willfully violated a domestic violence no-contact order issued under chapter 10.99 RCW. That violation is not at issue in this appeal.[1] The information also alleges that Arthur had at least two previous convictions for violating the provision of a no-contact order "... issued under chapter 10.99[RCW]." Clerk's Papers (CP) at 3. The information then lists three convictions of no-contact orders as alleged predicate convictions. Arthur conceded that one of the previous convictions is an appropriate predicate conviction.
¶ 10 But, Arthur contests that there was no evidence that the other two convictions were appropriate predicate convictions either as listed in RCW 26.50.110 or as alleged in the information as violations of chapter 10.99 RCW. We agree.
¶ 11 The first conviction at issue is a violation under Kelso Municipal Court cause number C10499KE. Exhibit 5 is the judgment and sentence showing the conviction of a no-contact order, but it does not state the type of no-contact order violated. The judgment does not mention a violation of chapter 26.50, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW. Thus, this exhibit does not establish that Arthur violated a predicate no-contact order. Finally, we consider the citation issued in this case. Exhibit 10 is a citation with a cause number of C 10499KE. It listed RCW 26.50.110 as the statute that Arthur violated. This exhibit has the same cause number as exhibit 5. But, it does not prove the violation of a no-contact order under chapter 10.99 RCW. Thus, for this conviction, there is no evidence that it was for a violation of chapter 10.99 RCW as alleged in the information.
¶ 12 The second conviction at issue is a violation under Kelso Municipal Court cause number C10713KE. Exhibit 6 is the judgment and sentence showing the conviction of a no-contact order. But as with Exhibit 5, it does not state the type of no-contact order violated. Since the judgment and sentence does not mention a violation of any of the prerequisite statutes, it does not establish that Arthur violated a prerequisite no-contact order. Exhibit 12 was the citation that corresponded to exhibit 6. It listed cause number C10713KE. The citation charged that Arthur violated RCW 9A.46.080 and RCW 9A.76.040, neither of these statutes is listed in RCW 26.50.110. The State correctly *172 points out that in this cause, the statement of defendant on plea of guilty admits to a violation of an order under chapter 10.99 RCW, exhibit 11, but he was not charged with that offense. It certainly is not evidence that he was convicted for a violation of chapter 10.99 RCW when he was not charged for a violation of that statute. There is no evidence that this conviction was for a predicate offense, much less specifically as an alleged violation of chapter 10.99 RCW.
¶ 13 Because there is insufficient evidence of two prerequisite violations of no-contact orders, we reverse the conviction for the felony and remand the matter for entry of the gross misdemeanor and resentencing.

II. Procedure
¶ 14 We hold that the procedure used here was improper. Thus we address the proper procedure to be used when a violation of RCW 26.50.110(5) is charged. The statute lists the elements of the offense, i.e., violation of a court order issued under various prerequisite chapters, and two previous convictions for violating the same chapters. There may be a perception that this is an enhancement matter and should be considered as an Apprendi[2] matter of previous convictions, with the court sentencing based only on prior convictions. That is not appropriate; the statute does not state that a conviction with the predicate offenses will be punished as a class "C" felony, it states that it "is a class `C' felony."
¶ 15 The State charged three prior convictions in the information.[3] We hold that they are elements of the offense.
¶ 16 We disagree with the holding in State v. Carmen, 118 Wash.App. 655, 77 P.3d 368. Carmen appealed his conviction for felony violation of a no-contact order. Carmen, 118 Wash.App. at 657, 77 P.3d 368. At trial, the State offered certified copies of judgments and sentences to prove that Carmen had two prior convictions. Carmen, 118 Wash.App. at 657, 77 P.3d 368. But neither document contained statutory authority for issuing the order that Carmen had violated. Carmen, 118 Wash.App. at 657, 77 P.3d 368. At sentencing, the trial court reviewed Federal Way Municipal Court files showing that the two previous convictions were based on violations of domestic violence no-contact orders issued under chapter 10.99 RCW. Carmen, 118 Wash.App. at 657, 77 P.3d 368. Division One affirmed, holding:
The only question determined by the trial court was whether the convictions relied upon by the jury actually were based on violations of protection orders issued under one of the statutes listed in RCW 26.50.110(5). This was properly a question of law for the court.
Our only criticism of the procedure followed in this case is that neither the parties nor the trial court appeared to recognize that the requirement contained in RCW 26.50.110(5) that the prior convictions be for violations of no-contact orders issued under one of the listed statutes, or for violation of a "valid foreign protection order," relates to the admissibility of the State's proof of the prior convictions, rather than to an essential element of the felony crime.... Put another way, RCW 26.50.110(5) raises an evidentiary barrier *173 to the admission of evidence of the two prior convictions in order to prove the felony offense unless the prior convictions qualified as predicate convictions as defined in the statute. The very relevancy of the prior convictions depended upon whether they qualified as predicate convictions under the statute. If they had not so qualified, the jury never should have been permitted to consider them.
Carmen, 118 Wash.App. at 663-64, 77 P.3d 368 (footnote omitted.)
¶ 17 Carmen contemplates that the jury would have in evidence judgments and sentences showing convictions of a no-contact order, but that the jury is not required to make the determination that the convictions were for violating the prerequisite statutes. We disagree with Carmen. Permitting the trial court to decide whether the previous convictions are for violations of the appropriate statutes would impermissibly relieve the State of its burden of proving an essential element of the crime beyond a reasonable doubt and is tantamount to a directed verdict. See United States v. Gaudin, 515 U.S. 506, 511, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); State v. Primrose, 32 Wash.App. 1, 4, 645 P.2d 714 (1982). In the Carmen procedure, the trial court decides a factual issue, a conviction under a certain statute, as a matter of law.
¶ 18 This same procedure was followed here. Exhibits 7-13 were not presented to the jury, but to the judge. They were not admitted into evidence. And, as in Carmen, the judgments and sentences of the two challenged previous offenses did not show violations of the prerequisite offenses for the felony. But the trial court had determined that they would be admissible. The jury did not have the evidence before them. We stress that the prerequisites are not simply no-contact order violations, but violations of certain statutes. And it is those elements specifically that create the felony. We have no quarrel with the proposition that the trial court should examine the documents to see if they are relevant and not admit them if they are irrelevant to the previous convictions for the prerequisite statutes. But it cannot rule as a matter of law that the element has been met.
¶ 19 Reversed; the sentence is vacated and remanded for entry of a conviction for the gross misdemeanor and for resentencing.
We concur: HOUGHTON, P.J. and ARMSTRONG, J.
NOTES
[1] Although Arthur initially raised an issue of identity regarding whether he was the subject of a no-contact order as charged, he withdrew that argument during oral argument by requesting that the matter be remanded for conviction and sentencing of the gross misdemeanor. Thus, we do not address this issue.
[2] Apprendi v. N.J., 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[3] Count I of the amended information charged Arthur as follows:

The defendant, in the County of Cowlitz, State of Washington, on or about December 25, 2003, knowing of a domestic violence no-contact order issued under chapter 10.99 RCW by the Cowlitz County Superior Court under cause number XX-X-XXXXX-X on January 23, 2003, and/or by the Cowlitz County Superior Court under cause number XX-X-XXXXX-X on May 29, 2003, and/or by the Kelso Municipal Court under cause number C10373KE on January 28, 2003, restricting the defendant, did willfully violate such order and the defendant has at least two previous convictions for violating the provisions of a[ ] no contact order issued under chapter 10.99 RCW, to wit: violation of no contact order under Cowlitz County Superior Court cause number XX-X-XXXXX-X on May 29, 2003, violation of no contact order under Kelso Municipal Court cause number CR10499KE on April 29, 2003, and/or violation of no contact order under Kelso Municipal Court cause number CR10713KE on April 29, 2003, contrary to RCW 26.50.110(5) and against the peace and dignity of the State of Washington.
CP at 9.