FILED
COURT OF APPEALS
DIVISION II

2015 AUG 11 AM 9: 07

STATE OF WASHINGTON

BY_____

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46140-4-II |
| Respondent, | |
| v. | |
| | PUBLISHED OPINION |
| KEVIN R. CASE, | |
| Appellant. | |

MAXA, J. — Kevin Case appeals his conviction for felony violation of a no-contact order (NCO). Under former RCW 26.50.110(5) (2013),[1] violation of an NCO is a felony if the defendant has at least two previous convictions for violating a court order issued under one of several specific RCW chapters. Case argues that there was insufficient evidence to support his conviction because the State presented no evidence that his previous convictions involved violation of court orders issued under one of those RCW chapters.

Whether a defendant's previous NCO convictions involved the violation of court orders issued under one of the specific RCW chapters listed in former RCW 26.50.110(5) is not an element of the crime of felony violation of an NCO. Instead, whether the previous convictions involved violation of such orders is a threshold question of law for the trial court to determine. Therefore, the State was not required to submit evidence *to the jury* that Case's previous

---

[1] RCW 26.50.110 was amended in 2015. *See* LAWS OF 2015, ch. 248, §§ (1)(a), (2). However, these amendments have no effect on the issues in this case.

convictions were for violations of orders issued under one of the RCW chapters listed in former RCW 26.50.110(5) in order to produce sufficient evidence to establish all elements necessary to convict Case. However, the State still was required to submit sufficient evidence to allow the trial court to determine as a matter of law whether Case's prior convictions involved violation of orders issued under one of those RCW chapters.

Here, the State presented no evidence to the trial court that Case's prior convictions were for violating court orders issued under one of the specific RCW chapters listed in former RCW 26.50.110(5). As a result, there was insufficient evidence to support a conviction for felony violation of an NCO. Accordingly, we reverse and dismiss Case's conviction with prejudice.[2]

## FACTS

In December 2013, a person called the police after observing Case yelling at a woman crouched in a doorway near a bus terminal. The investigating officer determined that an NCO was in place that prohibited Case from contacting the woman. The State charged Case with felony violation of an NCO under former RCW 26.50.110(1) and (5).

At trial, the parties entered the following stipulation: "The defendant has at least two prior convictions for violating the provisions of a protection order, restraining order, or no-contact order issued under Washington State Law." Clerk's Papers (CP) at 36. However, the

---

[2] Because we reverse and dismiss Case's conviction, we do not address Case's claims that the trial court violated his public trial right and right to be present at critical trial proceedings, that he received ineffective assistance of counsel based on his defense counsel's failure to object to Case's restraint in a leg brace during trial and a police officer's testimony that allegedly commented on Case's guilt, and that the trial court erred at sentencing.

State provided no evidence regarding whether Case's prior convictions involved violation of court orders issued under one of the specific RCW chapters listed in former RCW 26.50.110(5).

After trial, the jury found Case guilty as charged. Case appeals.

ANALYSIS

Under former RCW 26.50.110(5), violation of an NCO is a felony if the defendant has at least two previous convictions for violating a court order issued under one of several specific RCW chapters listed in the statute. However, former RCW 26.50.110(5) does not apply to convictions for the violation of orders issued under RCW chapters not listed in the statute.[3]

The stipulation entered at trial stated only that Case at least twice had been convicted of violating a "protection order, restraining order, or no-contact order" without reference to whether the convictions had been issued under the RCW chapters specified in former RCW 26.50.110(5). CP at 36. Case argues that there was insufficient evidence to support his conviction for felony violation of an NCO because the State did not produce any evidence that his previous convictions had been for violating a court order issued under one of the specified RCW chapters. We agree.

A.     SUFFICIENT EVIDENCE TO CONVICT

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the

---

[3] Trial courts can issue protection and restraining orders under RCW chapters not listed in RCW 26.50.110(5). *See, e.g.*, RCW 10.14.080 (antiharassment protection order); RCW 26.44.150(2) (restraining order against person accused of abusing a child).

fact at issue beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). In evaluating a sufficiency of the evidence claim, we assume the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Id.* at 106. We defer to the trier of fact's resolution of conflicting testimony and evaluation of the persuasiveness of the evidence. *Id.*

The State charged Case with felony violation of an NCO under former RCW 26.50.110(5), which states:

> A violation of a court order issued under this chapter, chapter 7.92, 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, is a class C felony if the offender has at least two previous convictions for violating the provisions of an order *issued under this chapter, chapter 7.90, 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW,* or a valid foreign protection order as defined in RCW 26.52.020.

(Emphasis added.) The first issue here is whether an essential element of the crime of felony violation of an NCO is the statutory authority under which the predicate convictions were entered. We hold that the statutory authority of the predicate convictions is not an element of the crime that must be presented to the jury.

Division One of this court addressed this issue in *State v. Carmen*, 118 Wn. App. 655, 77 P.3d 368 (2003). The court held that whether the defendant's convictions actually were based on violations of statutes listed in former RCW 26.50.110(5) was not a question of fact for the jury, but a question of law for the trial court. *Id.* at 663. Accordingly, the court rejected the defendant's argument that proof of the statutory authority of the predicate convictions was an element of the offense. *Id.* at 660-63. In *State v. Arthur*, we expressly disagreed with the court in *Carmen* and held that the statutory authority for felony-qualifying convictions was an

4

essential element of the offense. 126 Wn. App. 243, 244, 108 P.3d 169 (2005), *overruled by State v. Miller*, 156 Wn.2d 23, 123 P.3d 827 (2005).

Our Supreme Court addressed *Carmen* and *Arthur* in *Miller*, 156 Wn.2d at 30-31. In that case, the issue was slightly different than here. The court addressed whether the validity of the underlying court orders was an element of the crime of violating such orders. *Id.* at 24. The court held that the *existence* of a domestic violence no-contact order is an element of the crime of violating such an order, but that the *validity* of such an order is not an element. *Id.* Instead, the validity of underlying orders is a question of law for the trial court to decide as part of its "gate-keeping function." *Id.*

In its analysis, the court discussed *Carmen* with approval. *Miller*, 156 Wn.2d at 30. The court noted that in *Carmen*, Division One "determined that evaluation of the underlying no-contact order was properly a question of law for the judge, not of fact for the jury." *Id.* at 30. After citing to *Arthur* as well as to *Carmen*, the court further stated:

> *Carmen* rested in part on the comparative expertise of a judge to make reasoned judgments about the legal authority by which predicate no-contact orders were issued. *Carmen* also noted, properly, that "[t]he very relevancy of the prior convictions depended upon whether they qualified as predicate convictions under the statute. If they had not so qualified, the jury never should have been permitted to consider them." *Carmen*, 118 Wn. App. at 664.

*Miller*, 156 Wn.2d at 30. The court reemphasized its holding that the "validity of the no-contact order is not an element of the crime," and stated that "[t]o the extent the cited cases are inconsistent, they are overruled." *Id.* at 31.

In *State v. Gray*, Division One subsequently interpreted *Miller* as "explicitly approv[ing] *Carmen*'s holding that whether the prior convictions qualified as predicate

convictions under the statute was a threshold determination of relevance, or applicability, properly left to the court." 134 Wn. App. 547, 555, 138 P.3d 1123 (2006). The court stated that *Miller*'s reasoning regarding the validity of predicate convictions applied equally to issues of law about previously-violated NCOs. *Id.* The court summarized the dispute between *Carmen* and *Arthur* as follows:

> In sum, prior convictions for violating NCOs are only relevant to prove felony violation of an NCO under RCW 26.50.110(5) if the previously-violated NCOs were issued under the listed statutes. *Carmen* and *Miller* establish that the statutory authority for those NCOs is not an essential element of the crime to be decided by the jury but rather a threshold determination the court makes as part of its "gate-keeping" function before admitting the prior convictions into evidence for the jury's consideration. *Miller* resolved the *Carmen-Arthur* dispute in *Carmen*'s favor, and we agree with the reasoning in both cases. We therefore decline to apply *Arthur* here.

*Gray*, 134 Wn. App. at 556 (footnote omitted).

We agree with *Gray* that our holding in *Arthur* is inconsistent with our Supreme Court's analysis in *Miller*. Therefore, we decline to follow *Arthur* and hold that the authority under which the court orders the defendant was convicted of violating was issued is not an element of the crime of felony violation of an NCO.

Under this holding, the State was required to prove at trial only the *existence* of two prior convictions for violating a court order. Here, the State presented a stipulation that Case twice previously had violated a protection order, restraining order, or NCO issued under Washington law. Therefore, we hold that the State produced sufficient evidence *to the jury* to support Case's conviction for felony violation of an NCO.

B.    TRIAL COURT'S GATE-KEEPING FUNCTION

Our holding that the State produced sufficient evidence to the jury to establish all elements necessary to convict Case of felony violation of an NCO does not end our inquiry. Case argues that even if whether his previous convictions involved orders issued under one of the RCW chapters listed in former RCW 26.50.110(5) is a question of law for the trial court, the State still was required to submit evidence to the trial court that those convictions involved such orders. We agree.

Under *Miller*, the trial court determines as a question of law whether the predicate convictions supporting the charge of felony violation of an NCO involved orders issued under one of the RCW chapters listed in former RCW 26.50.110(5). 156 Wn.2d at 24, 31. This determination involves the trial court's exercise of its "gate-keeping function." *Id.* To enable the trial court to make this determination, the State must submit evidence to the trial court proving that the defendant's prior convictions were in fact for violating court orders issued under one of the specific RCW chapters listed in former RCW 26.50.110(5). *Miller*, 156 Wn.2d at 31. Only once the State produces such evidence can the trial court allow the State to submit evidence to the jury of a defendant's prior convictions for violating court orders. If no prior convictions are admissible, the defendant's charge for felony NCO violation must be dismissed. *Id.*

Here, the State submitted no evidence to the trial court that Case's prior convictions were for violating orders issued under one of the specific RCW chapters listed in former RCW 26.50.110(5). Instead, the State relied on the parties' stipulation that Case had at least two prior convictions for violating the provisions of a protection

order, restraining order, or NCO without stating the statutory authority of such orders. This stipulation was insufficient to support a conviction for felony violation of an NCO under former RCW 26.50.110(5).

Although the State proved to the jury all the elements of the charge of felony violation of an NCO, it failed to present evidence to satisfy the threshold determination that Case's prior convictions were for violating court orders issued under one of the specific RCW chapters listed in former RCW 26.50.110(5). Accordingly, we hold that there was insufficient evidence to support a conviction for felony violation of an NCO and dismissal of the charge is the appropriate remedy.

We reverse and dismiss Case's conviction with prejudice.

_____
MAXA, J.

We concur:

_____
WORSWICK, P.J.

_____
LEE, J.

8