# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75645-1-I | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| LeROY PARKER, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: October 23, 2017 | |

2017 OCT 23 AM 9: 21

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

PER CURIAM. LeRoy Parker appeals his convictions for felony violation of a no-contact order, arguing that under State v. Case, 189 Wn. App. 422, 429, 358 P.3d 432 (2015), the parties' stipulation to predicate convictions was insufficient to support the current convictions. The State counters that Case was wrongly decided and that, in any event, any error was either waived, invited, or harmless.

While this appeal was pending, the Washington State Supreme Court reversed Division Two's decision in Case. State v. Case, 187 Wn.2d 85, 384 P.3d 1140 (2016). At our request, the parties filed supplemental briefs addressing the impact of the Supreme Court's decision on this appeal. The parties agree that the Supreme Court's decision is controlling here and defeats Parker's arguments under the Court of Appeals' decision in Case.

In a Statement of Additional Grounds, Parker raises one argument meriting discussion. He claims the prosecutor violated the trial court's rulings by referencing alcohol and "Battered Wife Syndrome" or "BWS" during closing argument. The record belies these claims. Although the court excluded

testimony as to Parker's breath test results, the court ruled that "any questions as to how much alcohol Mr. Parker had consumed was relevant as it related to his memory of what had happened [.]" RP 232-33. Parker fails to identify, nor did our review of closing argument disclose, any violation of this ruling. Our review of closing argument also failed to disclose any reference to "BWS" or "Battered Wife Syndrome".

Affirmed.

For the court: