IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 77318-6-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ANTHONY MAURICE MONTALVO, | |
| Appellant. | FILED: April 22, 2019 |

CHUN, J. — The State charged Anthony Montalvo with two counts of domestic violence felony violation of a court order. During pretrial motions, the State agreed to redact portions of a recorded jail telephone call that served as the basis for the second count. At trial, however, the State played an unredacted version of the recording. Montalvo moved for a mistrial. The trial court denied his motion but gave a limiting instruction to the jury.

Later at trial, Montalvo objected to the admissibility of Exhibit 10, a certified copy of a public record that served to establish a predicate conviction under RCW 26.50.110(5). The court admitted the evidence.

The jury convicted Montalvo on both counts.

On appeal, Montalvo assigns error to the trial court for denying his motion for a mistrial and admitting Exhibit 10. He additionally asserts the trial court erred by imposing a discretionary $100 DNA fee as part of his judgment and sentence.

We remand the judgment and sentence to strike the DNA fee, but affirm in all other respects.

I.
BACKGROUND

In 2015, the trial court issued a judgment and sentence after Montalvo pleaded guilty to a domestic violence misdemeanor violation of a court order. The court also entered a no-contact order to prevent Montalvo from coming within 500 feet of the residence or person of the victim Toni Granger, a former girlfriend.

Granger called the police on July 21, 2016, reporting that Montalvo was in her apartment and threatening her life. Officers arrived and arrested Montalvo.

At 1:00 AM on July 22, 2016, Montalvo called Granger from jail (the jail call). The relevant portion of the conversation provided as follows:

Ms. Granger: You hit me once, you hit me twice, you hit me three times, okay, before — . . .

And then you threatened to take my life and some more shit and I'm not — no, you threatened to take my life all the way down to the sheepdog. Are you kidding me?

Mr. Montalvo: What?

Ms. Granger: I said you were threatening to take my life and my family's life all the way down to the sheep — sheepdog. Talking about I got homies that will hunt you til you drop.

Mr. Montalvo: And they will.

Ms. Granger: Okay. So I take that shit very seriously. So how do (inaudible) ever going to go do that.

But anyway, this conversation is over. Good-bye. Have a good night.

On December 23, 2016, the State filed an amended information[1] charging Montalvo with two counts of domestic violence felony violation of a court order. The State elevated the charges to felonies due to Montalvo's two prior convictions for violating the provisions of an order. The State supported its claim of prior convictions with (1) the judgment and sentence from Montalvo's July 24, 2015 conviction for domestic violence misdemeanor violation of a court order, and (2) a redacted certified copy of the court docket from Seattle Municipal Court Case No. 40910, showing a 2001 conviction for willful violation of a protection order.

During pretrial motions, Montalvo moved to exclude the portions of the jail call where Granger stated he had hit her three times and had threatened her life. The State agreed to redact the portion discussing the alleged physical assaults. The court allowed the portion where Granger said Montalvo had threatened her life.

However, at trial, the State played an unredacted version of the jail call. Montalvo then moved for a mistrial on the grounds that the jury heard highly prejudicial evidence and the State violated the stipulation to redact the jail call recording. The court denied Montalvo's motion but agreed to give a limiting instruction. The court instructed the jury as follows:

> Ladies and gentlemen of the jury, you have heard index one, a phone call. The substance of statements in that call made by the female speaker are not to be taken as true, only that the call was made. You

---

[1] In the original information, filed on July 26, 2016, the State charged only one count of domestic violence felony violation of a court order. It then added the second count based on the jail call.

should not consider the substance of statements in the call made by the female speaker as evidence during your deliberations.

The jury convicted Montalvo of felony violation of a no-contact order. Montalvo appeals.

## II.
## ANALYSIS

A. Motion for a Mistrial

Montalvo argues the trial court erred by denying his motion for a mistrial because the State's introduction of the unredacted recording of the jail call deprived him of a fair trial. The State contends the error did not prejudice the trial. We agree with the State.

Because the trial court can make the best determination of the prejudicial effect of a statement, appellate courts review its decision whether to grant a mistrial for an abuse of discretion. State v. Babcock, 145 Wn. App. 157, 163, 185 P.3d 1213 (2008). A court abuses its discretion when no other reasonable judge would have reached the same conclusion. State v. Emery, 174 Wn.2d 741, 765, 278 P.3d 653 (2012).

"The trial court should grant a mistrial only when the defendant has been so prejudiced that nothing short of a new trial can ensure that the defendant will be fairly tried." Emery, 174 Wn.2d at 765. In determining whether the defendant received a fair trial, courts look to the trial irregularity and its effects. State v. Weber, 99 Wn.2d 158, 165, 659 P.2d 1102 (1983). "In determining the effect of an irregularity, [courts] examine (1) its seriousness; (2) whether it involved

4

cumulative evidence; and (3) whether the trial court properly instructed the jury to disregard it." Emery, 174 Wn.2d at 765.

Montalvo challenges the admission of the references in the jail call to both the uncharged assaults and the threats made against Granger and her family. He claims the State and court agreed to redact these statements from the call because they constituted improper and highly prejudicial evidence. However, the record demonstrates the State agreed to redact only the portion of the jail call relating to previous alleged assaults. The court allowed the portions relating to threats. Accordingly, we limit our inquiry to whether the court should have granted a mistrial based on the portions of the jail call relating to the alleged assaults.

First, as the State concedes, it should not have played the portion of the jail call regarding Montalvo assaulting Granger. The State, however, presented ample evidence to prove Montalvo had violated the no-contact order on the two occasions at issue in the trial. And this evidence mitigated against the seriousness of the error. As to the violation at Granger's apartment, the State produced a recording of the 911 call and testimony from the officers who apprehended Montalvo at Granger's apartment building. For the second count relating to the jail call, the State properly admitted all other portions of the recording of the jail call. This evidence demonstrated Montalvo committed the violations and rendered the error of admitting the unredacted version of the jail call less serious. Compare State v. Escalona, 49 Wn. App. 251, 254, 742 P.2d 190 (1987) (considering the "paucity of credible evidence" of the charged crime in

determining the admission of improper evidence constituted a serious irregularity).

Second, we address whether the unredacted statement, "You hit me once, you hit me twice, you hit me three times" served as cumulative evidence. The trial court did not admit any other evidence that Montalvo had physically assaulted Granger. The State argues that, because the court properly admitted evidence of Montalvo's threats, the statement about the assaults constituted cumulative evidence of Montalvo's violence. We, however, do not view cumulative evidence so broadly. Evidence regarding threats and physical assaults concern different actions and may lead to different inferences by a jury. They do not constitute cumulative evidence. Accordingly, the second factor weighs against the trial court's decision.

Finally, we consider whether the trial court properly gave a limiting instruction. Here, the trial court stated it would give a limiting instruction when it denied Montalvo's motion for a mistrial. The court then received input from both parties about the content of the instruction. In the end, the trial court issued an instruction providing that the jury should not accept statements in the jail call for their truth, but only as evidence that Montalvo made the jail call. We "must presume that the jury followed the judge's instructions to disregard the remark." Weber, 99 Wn.2d at 166. Moreover, considering the unredacted portion did not relate to the charges at trial, it did not constitute evidence that "is inherently prejudicial and of such a nature as to be most likely to impress itself upon the minds of the jurors" such that a limiting instruction could not remove the

prejudice. State v. Suleski, 67 Wn.2d 45, 51, 406 P.2d 613 (1965). Accordingly, we determine the jury could assess the testimony as instructed.

In light of the foregoing, we conclude the trial court did not abuse its discretion in denying Montalvo's motion for a mistrial.

B. Prior Convictions

Montalvo next contends the State failed to establish two previous convictions that qualified as predicate offenses under RCW 26.50.110(5) to support the felony charges. Specifically, he claims the redacted copy of the court docket from Seattle Municipal Court Case No. 40910 (Exhibit 10) did not sufficiently establish a predicate conviction. The State asserts Montalvo waived the objection. We agree with the State.

RCW 26.50.110(5) provides:

> A violation of a court order issued under this chapter, chapter 7.92, 7.90, 9A.40, 9A.46, 9A.88, 9.94A, 10.99, 26.09, 26.10, *26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter, chapter 7.90, 9A.40, 9A.46, 9A.88, 9.94A, 10.99, 26.09, 26.10, *26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020. The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated.

The requirements of the section relate "to the *admissibility* of the State's proof of the prior convictions, rather than to an essential element of the felony crime." State v. Carmen, 118 Wn. App. 655, 663, 77 P.3d 368 (2003). A party wanting to challenge a ruling that admits evidence must assert a timely objection on specific grounds. State v. Gray, 134 Wn. App. 547, 557, 138 P.3d 1123 (2006). "To be

timely, the party must make the objection at the earliest possible opportunity after the basis for the objection becomes apparent." Gray, 134 Wn. App. at 557. We have previously found waiver where the defendant did not object to a document's admissibility under RCW 26.50.110(5) until after the prosecution had rested its case. See Carmen, 118 Wn. App. at 663, 668; see also Gray, 134 Wn. App. at 558.

Here, the parties first discussed Exhibit 10 during pretrial motions. When discussing the exhibit, Montalvo did not object to its admissibility under RCW 26.50.110(5). The State and Montalvo reviewed the record together and agreed on redactions. When the State moved to admit Exhibit 10 into evidence, Montalvo again failed to object. Only after the State rested its case did Montalvo object to the sufficiency of Exhibit 10 to establish a predicate conviction. Because Montalvo did not object to the admissibility of Exhibit 10 until after the State rested, we conclude he waived the objection and do not address the merits of his argument.[2]

C. Discretionary Costs

Both parties ask us to remand the Judgment and Sentence to the trial court to strike the $100 DNA fee pursuant to State v. Ramirez, 191 Wn.2d 732, 739, 426 P.3d 714 (2018). Ramirez, decided after the trial court imposed the DNA fee in this case, held that trial courts may not impose discretionary costs on

---

[2] Montalvo argues that Exhibit 10 demonstrated that he pled guilty to a violation of Seattle Municipal Code 12A.06.180, which does not constitute a predicate conviction under RCW 26.50.110(5). Even if Montalvo had properly objected, this court rejected the merits of a similar argument in Gray. 134 Wn. App. at 558-59.

an indigent defendant.  191 Wn.2d at 746.  We remand to the trial court to strike the fee from Montalvo's Judgment and Sentence.

We affirm in all other respects.

_Chun, J._

WE CONCUR:

_Mann, J._                          _Appelwick, C.J._