237 P.3d 352 (2010)
STATE of Washington, Respondent,
v.
Eryn Kiku CHAMBERS, aka Eryn K. Paull, Appellant.
No. 61857-1-I.
Court of Appeals of Washington, Division 1.
August 10, 2010.
*353 Gregory Charles Link, Washington Appellate Project, Seattle, WA, for Appellant.
Deborah A. Dwyer, King Co. Pros. Ofc./Appellate Unit, Seattle, WA, for Respondent.
SCHINDLER, J.
¶ 1 Under former RCW 46.61.502(6)(2007), the crime of driving while under the influence (DUI) is elevated from a gross misdemeanor to a felony if "[t]he person has four or more prior offenses within ten years as defined in [former] RCW 46.61.5055."[1] Eryn Kiku Chambers claims insufficient evidence supports her felony DUI conviction because the State did not prove beyond a reasonable doubt that her four prior DUI convictions meet the statutory definition in former RCW 46.61.5055(13) (2007). Chambers contends that the question of whether prior offenses meet the statutory definition in former RCW 46.61.5055(13) is an essential element of the crime that must be proved to the jury beyond a reasonable doubt. We disagree. While the fact that a person has four prior DUI offenses is an essential element of the crime of felony DUI under former RCW 46.61.502(6), that must be proved to the jury beyond a reasonable doubt, whether a prior offense meets the statutory definition in former RCW 46.61.5055(13) and qualifies as a predicate offense is not an essential element of the crime. Rather, the question of whether a prior offense meets the statutory definition is a threshold question of law to be decided by the court before admitting a prior offense into evidence at trial. Here, the court correctly instructed the jury that the State had the burden to prove beyond a reasonable doubt that Chambers had four prior offenses within ten years. Chambers did not object to the admissibility of four prior DUI convictions, but argued that the jury had to decide whether her prior California DUI conviction would have been a DUI conviction in Washington. On appeal, Chambers claims the court erred in using a preponderance of the evidence instead of the beyond a reasonable doubt standard, in deciding that the California DUI conviction was admissible. Because the court engaged in a legal analysis in determining whether the California DUI conviction meets the definition under former RCW 46.61.5055(13) and would have been a DUI offense in Washington, we reject Chambers' argument. We affirm the jury's conviction of felony DUI.

FACTS
¶ 2 At approximately 10:30 p.m. on August 27, 2007, Washington State Patrol Trooper James Arnold was driving southbound on I-405 through Bellevue near the Wilburton Tunnel. Two of the four lanes were closed for construction, slowing traffic to approximately 20 miles per hour. Trooper Arnold observed a Land Rover sports utility vehicle (SUV) swerving onto the shoulder, and then jerking back into the far right lane. While the car was driving in the right hand lane, Trooper Arnold said that the driver would erratically apply the brakes.
*354 ¶ 3 After the driver nearly hit the tunnel wall and "came to a stop then took off again a couple more times onto the shoulder," Trooper Arnold pulled over the SUV. As he approached the driver, Trooper Arnold noticed "a really strong odor of intoxicants and cigarette smoke." Trooper Arnold said the driver's speech was slurred, and as he spoke to her, the odor of intoxicants became stronger. The driver, Eryn Kiku Chambers, told Trooper Arnold that she had consumed two glasses of wine that evening.
¶ 4 Because Trooper Arnold was running late for a meeting, Trooper Brad Olsen arrived to take over. Before leaving, Trooper Arnold watched Chambers get out of the SUV. Trooper Arnold said that Chambers was staggering and swaying as she walked to the front of the car.
¶ 5 Trooper Olsen said that Chambers appeared intoxicated and that he smelled alcohol. Trooper Olsen asked Chambers how much she had to drink that night. After she responded, "`[t]oo much,'" Trooper Olsen arrested Chambers for DUI and read her the "Implied Consent Warning for Breath Test." Because Chambers refused to submit to a breath test, Trooper Olsen obtained authorization for a blood draw.
¶ 6 The hospital took a blood sample from Chambers at approximately 3:00 a.m. Using retrograde extrapolation analysis, a forensic toxicologist estimated that approximately two hours earlier, at 12:25 p.m., Chambers had a blood alcohol concentration of 0.22.
¶ 7 The State charged Chambers with the crime of felony DUI in violation of former RCW 46.61.502. The State alleged that Chambers had a blood alcohol level of at least 0.08 within two hours after driving and had "at least four prior offenses, as defined under [former] RCW 46.61.5055(13)(a) within ten years of the arrest for the current offense."[2]
¶ 8 Before trial, the defense asserted that proving Chambers had four prior DUI offenses within ten years was not an element of the crime of felony DUI, but rather a sentencing enhancement. Consequently, the defense argued that the State should not introduce any evidence at trial of Chambers' four prior DUI convictions.
[I]t's Defense's position under 46.61.5055, Sections [sic] 4, that's just a sentencing enhancement. It's not an element of the charge of felony DUI. It'sit's basically ifif Ms. Chambers is found guilty of DUI, then what is her sentence? And under that section then it's up to the State to prove the priors. It's certainly not an element .
The defense further argued:
[I]f this was a third-strike case, the State wouldn't be presenting the two priors of the Defendant at trial. It's the Defense's position this is tantamount to a three-strike case where if the  if the State gets their conviction for DUI, the next step is for them to prove on a preponderance of the evidence that there are at least four priors.
¶ 9 In the alternative, Chambers asked the court to bifurcate the trial to require the State to prove the elements of misdemeanor of DUI, and then, if the jury found her guilty, allow the State to present evidence proving the four prior convictions. The State opposed bifurcation. The court denied the defense motion to bifurcate. The court ruled that the existence of the four prior offenses within ten years of the arrest is an element of the crime of felony DUI that the State must prove to the jury beyond a reasonable doubt.
¶ 10 At trial, the State introduced evidence that Chambers had four prior DUI convictions within ten years: (1) a 1998 misdemeanor DUI conviction in the Municipal Court of Alameda County, California; (2) a December 1999 DUI conviction in Everett District Court; (3) a 1999 conviction in Seattle Municipal Court for physical control while intoxicated; and (4) a 2004 DUI conviction in Seattle Municipal Court.
*355 ¶ 11 The State introduced a redacted portion of Chambers' driving record during the testimony of Trooper Olsen. The driving record shows that Chambers had a DUI conviction in Everett District Court in 1999 and DUI convictions in Seattle Municipal Court in 1999 and 2004. During the testimony of Chief Clerk Robert White of Seattle Municipal Court, the court admitted certified copies of court records for the two Seattle Municipal Court convictions and the docket for the DUI conviction in Everett District Court.
¶ 12 The Everett District Court docket specifically identifies the offense as a "DUI" and lists RCW 46.61.502 as the statutory basis for the conviction. The Seattle Municipal Court records identify the 1999 offense as "physical control while intoxicated" and the 2004 offense as a "DUI."[3]
¶ 13 With respect to the 1998 California DUI conviction, the court admitted a certified copy of the complaint charging Chambers with violation of § 23152(a) of the California Vehicle Code. The complaint alleges that Chambers "while under the influence of an alcoholic beverage, drove a vehicle." The court also admitted certified copies of the California docket, the order granting a conditional sentence, and a "DUI Waiver of Rights and Plea Form."
¶ 14 The defense did not object to admission of the evidence of the four prior DUI convictions.[4] However, at the end of the case, the defense argued that the jury had to decide the question of whether the California conviction meets the definition in former RCW 46.61.5055(a)(vi) and would have been a violation if committed in Washington. The defense proposed giving a number of jury instructions on California and Washington law.[5] The court refused to give the proposed jury instructions. The court ruled that the determination of whether the California DUI conviction meets the definition under former RCW 46.61.5055(13) is a question of law for the court to decide.
¶ 15 The court engaged in a legal analysis comparing the elements of the crime of driving while under the influence under California Vehicle Code § 23152(a) and the Washington crime of driving under the influence in violation of former RCW 46.61.502(1).[6] The court ruled that as a matter of law, the elements of the California DUI crime and the Washington DUI crime were comparable and the California DUI conviction under California Vehicle Code § 23152(a) would have been *356 a violation in Washington under RCW 46.61.502.
¶ 16 The State proposed using either a to-convict jury instruction that included the four prior DUI convictions as an element of the crime of felony DUI or, in the alternative, using a special verdict form. The defense reiterated its position that proof of the four prior convictions was not an element of the crime of felony DUI and took exception to denying the request to bifurcate. However, given the court's previous rulings, the defense agreed that the "consolidated verdict form is appropriate."
¶ 17 Accordingly, the court instructed the jury that in order to convict Chambers of felony DUI, the State had to prove beyond a reasonable doubt that Chambers had four prior DUI offenses within ten years. The to-convict instruction states:
To convict the defendant of felony driving under the influence, each of the following four elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about the 27th day of August, 2007, the defendant drove a motor vehicle;
(2) That the defendant at the time of driving a motor vehicle
(a) was under the influence of or affected by intoxicating liquor; or
(b) had sufficient alcohol content in her body to have an alcohol concentration of 0.08 or higher within two hours after driving as shown by an accurate and reliable test of the defendant's blood; and
(3) That the defendant had four or more prior offenses within ten years; and
(4) That this act occurred in Washington.
The jury instructions also defined the meaning of "prior offense." Jury instruction 17 states:
A `prior offense' means any of the following:
(1) A conviction for a violation of driving under the influence or an equivalent local ordinance; and
(2) A conviction for a violation of physical control under the influence or an equivalent local ordinance; and
(3) An out-of-state conviction for a violation that would have been a violation of driving under the influence or physical control under the influence of this subsection if committed in this state: and
(4) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of driving under the influence, physical control under the influence, or an equivalent local ordinance.
The jury found Chambers guilty of felony DUI.

ANALYSIS
¶ 18 On appeal, Chambers now contends the State must prove to a jury beyond a reasonable doubt that the four prior offenses that elevate a gross misdemeanor DUI to a felony meet the statutory definition in former RCW 46.61.5055(13), and that the State did not present sufficient evidence to prove each element of the crime. Specifically, Chambers asserts that the State did not prove that the prior Washington DUI convictions meet the statutory definition or that the California conviction would have violated a comparable DUI statute in Washington under former RCW 46.61.5055(13). Chambers also claims that the to-convict jury instruction erroneously relieved the State of its burden of proving that the four prior convictions meet the statutory definition in former RCW 46.61.5055(13).[7]
¶ 19 We review questions of law and the adequacy of a "to convict" jury instruction de novo. State v. DeRyke, 149 Wash.2d 906, 910, 73 P.3d 1000 (2003).
¶ 20 Due process requires the State to prove each essential element of the crime beyond a reasonable doubt. U.S. Const. amend. XIV; Wash. Const. art. I, Section 22; In re Winship, 397 U.S. 358, 364, 90 S.Ct. *357 1068, 25 L.Ed.2d 368 (1970); State v. Oster, 147 Wash.2d 141, 146, 52 P.3d 26 (2002). Accordingly, the trial court must accurately instruct the jury as to each essential element of a charged crime and the State's burden of proving the elements beyond a reasonable doubt. State v. Williams, 136 Wash.App. 486, 493, 150 P.3d 111 (2007).
¶ 21 The legislature defines the elements of a crime. State v. Williams, 162 Wash.2d 177, 183, 170 P.3d 30 (2007). Proof of the existence of the prior offenses that elevate a crime from a misdemeanor to a felony is an essential element that the State must establish beyond a reasonable doubt. State v. Roswell, 165 Wash.2d 186, 192, 196 P.3d 705 (2008). In Roswell, the court held "[t]he prior conviction is not used to merely increase the sentence beyond the standard range but actually alters the crime that may be charged." Roswell, 165 Wash.2d at 192, 196 P.3d 705.
¶ 22 Former RCW 46.61.502(1) defines the elements of the crime of DUI.[8] RCW 46.61.502(5) states that, "Except as provided in subsection (6) of this section, a violation of this section is a gross misdemeanor." Former RCW 46.61.502(6) provides in pertinent part:

It is a class C felony punishable under chapter 9.94A RCW, or chapter 13.40 RCW if the person is a juvenile, if: (a) The person has four or more prior offenses within ten years as defined in RCW 46.61.5055; ... [[9]]
¶ 23 Former RCW 46.61.5055(13), defines "prior offense" for purposes of a felony DUI conviction under RCW 46.61.502(6). Former RCW 46.61.5055(13) lists specific statutory crimes and violations that meet the definition of a prior offense. Former RCW 46.61.5055(13) provides:
For purposes of this section and RCW 46.61.502[DUI] and 46.61.504 [physical control under the influence]:
(a) A "prior offense" means any of the following:
(i) A conviction for a violation of RCW 46.61.502 or an equivalent local ordinance;
(ii) A conviction for a violation of RCW 46.61.504 or an equivalent local ordinance;
(iii) A conviction for a violation of RCW 46.61.520 [vehicular homicide] committed while under the influence of intoxicating liquor or any drug;
(iv) A conviction for a violation of RCW 46.61.522 [vehicular assault] committed while under the influence of intoxicating liquor or any drug;
(v) A conviction for a violation of RCW 46.61.5249 [Negligent driving-First degree], 46.61.500 [Reckless Driving], or 9A.36.050 [Reckless endangerment] or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522;
(vi) An out-of-state conviction for a violation that would have been a violation of (a)(i), (ii), (iii), (iv), or (v) of this subsection if committed in this state;
(vii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance; or
(viii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.5249, or an equivalent local ordinance, if the charge under which the deferred prosecution was granted was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522.
*358 ¶ 24 Whether the court or a jury must determine if a person has four or more prior offenses that qualify as a predicate offense necessary to elevate a misdemeanor DUI to a felony under former RCW 46.61.502(6), is a question of first impression. However, under two other nearly identical statutory schemes, our appellate courts have held that while the existence of a prior conviction is an essential element that must be proved to the jury beyond a reasonable doubt, the question of whether a prior conviction qualifies as a predicate offense for purposes of elevating a crime from a misdemeanor to a felony is a threshold question of law for the court to decide. State v. Miller, 156 Wash.2d 23, 31, 123 P.3d 827 (2005); State v. Gray, 134 Wash.App. 547, 549-50, 138 P.3d 1123 (2006); State v. Carmen, 118 Wash.App. 655, 77 P.3d 368 (2003).
¶ 25 Like the felony DUI statute, violation of a no-contact order under RCW 26.50.110(5) is a felony if the offender has at least two prior convictions for violating court orders issued under certain statutes or under a valid out-of-state protection order as defined in RCW 26.52.020. RCW 26.50.110(5) provides:
A violation of a court order issued under this chapter, chapter 7.90, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or of a valid foreign protection order as defined in RCW 26.52.020, is a class C felony if the offender has at least two previous convictions for violating the provisions of an order issued under this chapter, chapter 7.90, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020. The previous convictions may involve the same victim or other victims specifically protected by the orders the offender violated.
¶ 26 In Carmen, the trial court refused to instruct the jury on the question of whether the prior no-contact orders meet the definition under RCW 26.50.110(5). Instead, the trial court determined whether the prior convictions for felony violation of a no-contact order (FVNCO) qualified under RCW 26.50.110(5). Carmen, 118 Wash.App. at 659, 77 P.3d 368. However, the court instructed the jury that the State had the burden to prove beyond a reasonable doubt the existence of the prior convictions for violating the provisions of a no-contact order. Carmen, 118 Wash.App. at 656, 77 P.3d 368. We affirmed and held that the validity of the prior convictions under RCW 26.50.110(5), is a question of law and a threshold question of admissibility for the court to decide, but the fact that the defendant had two prior convictions for violation of a no-contact order is an essential element that the State must prove to the jury beyond a reasonable doubt. Carmen, 118 Wash.App. at 662, 77 P.3d 368.
The only question determined by the trial court was whether the convictions relied upon by the jury actually were based on violations of protection orders issued under one of the statutes listed in RCW 26.50.110(5). This was properly a question of law for the court. ... [T]he requirement contained in RCW 26.50.110(5) that the prior convictions be for violations of no-contact orders issued under one of the listed statutes, or for violation of a "valid foreign protection order," relates to the admissibility of the State's proof of the prior convictions, rather than to an essential element of the felony crime. ... Put another way, RCW 26.50.110(5) raises an evidentiary barrier to the admission of evidence of the two prior convictions in order to prove the felony offense unless the prior convictions qualified as predicate convictions as defined in the statute. The very relevancy of the prior convictions depended upon whether they qualified as predicate convictions under the statute. If they had not so qualified, the jury never should have been permitted to consider them.
Carmen, 118 Wash.App. at 663-64, 77 P.3d 368.
¶ 27 In Miller, the Washington Supreme Court approved of the holding in Carmen, and held that the existence of the previous convictions for violation of a no-contact order is an element of FVNCO under RCW 26.50.110(5), but the question of whether a prior conviction meets the definition and qualifies as a predicate offense under the FVNCO statute, is a threshold question of law for the court. Miller, 156 Wash.2d at 30, 123 P.3d 827. The court in Miller states that *359 the trial court, "as part of its gate-keeping function, should determine as a threshold matter whether the order alleged to be violated is applicable and will support the crime charged." Miller, 156 Wash.2d at 31, 123 P.3d 827. See also Gray, 134 Wash.App. at 549-50, 138 P.3d 1123 (following Miller and Carmen, holding that the question of whether prior convictions for FVNCO qualify as predicate convictions under the statute is a threshold question for the court, not a factual question for the jury).
¶ 28 Similarly, in State v. Boss, 167 Wash.2d 710, 223 P.3d 506 (2009) the Washington State Supreme Court considered the question of whether the validity of a custodial order under the first-degree custodial interference statute, RCW 9A.40.060(1)(a), had to be proved to a jury beyond a reasonable doubt. RCW 9A.40.060(1)(a) provides in pertinent part:
A relative of a child under the age of eighteen ... is guilty of custodial interference in the first degree if, with the intent to deny access to the child ... [by an] agency, or other person having a lawful right to physical custody of [the child], the relative takes, entices, retains, detains, or conceals the child ... [from an] agency, or other person having a lawful right to physical custody of [the child] and ... [i]ntends to hold the child ... permanently or for a protracted period.[[10]]
The court concluded the reasoning of Miller applied "with equal force" and held that the lawfulness of the custody order was not an essential element of the crime, but rather a threshold issue to be determined by the trial court as a matter of law. Boss, 167 Wash.2d at 718-19, 223 P.3d 506.
¶ 29 As in Miller, Carmen, and Boss, we hold that the question of whether a prior offense meets under the definition in former RCW 46.61.5055(13), and qualifies as a predicate offense that elevates a DUI to a felony under former RCW 46.61.502(6), is not an element of the crime but a threshold question of law for the court to decide. As such, the trial court must determine "applicability" of a prior offense. Miller, 156 Wash.2d at 31, 123 P.3d 827. Only prior offenses that meet the definition in former RCW 46.61.5055(13) are admissible. Carmen, 118 Wash.App. at 664, 77 P.3d 368.
¶ 30 Here, Chambers did not object to admission of evidence establishing she had four prior DUI convictions that qualified as prior offenses under the felony DUI statute. However, at the conclusion of the case, Chambers argued that the jury should decide whether the California DUI conviction meets the definition in former RCW 46.61.5055(13)(a)(vi) and would have violated the Washington DUI statute. Accordingly, Chambers asked the court to give proposed jury instructions that set forth California and Washington law. The court refused to give the proposed instructions. The court engaged in a legal analysis and concluded that the California DUI conviction would have been a DUI conviction in Washington. But consistent with Carmen and Miller, the court instructed the jury in the to-convict instruction that the State had the burden of proving the existence of the four prior DUI offenses.
¶ 31 The State asserts Chambers waived review of the statutory validity of the four prior convictions by failing to object to admission of the evidence. In Carmen, we held that the defendant "waived any objection by failing to object to the admission ... of the certified copies of his prior convictions on grounds of their statutory validity. ..." Carmen, 118 Wash.App. at 668, 77 P.3d 368. And in Gray, we held that the defendant waived his right to challenge the applicability of his prior conviction by not objecting to the admission of the documents establishing the conviction. Gray, 134 Wash.App. at 557-58, 138 P.3d 1123.
¶ 32 Likewise, here, because it is undisputed that Chambers did not object to admission of the evidence establishing her three prior DUI convictions in Washington, she waived any claim of error as to those convictions. Carmen, 118 Wash.App. at 663, 77 P.3d 368; Gray, 134 Wash.App. at 557-58, 138 P.3d 1123.
¶ 33 With respect to her prior California DUI conviction, while Chambers arguably *360 raised an objection below, on appeal, she does not challenge the court's determination that the conviction meets the definition of "prior offense" under former RCW 46.61.5055(13)(vi). Instead, Chambers asserts the trial court erred by using a preponderance of the evidence standard, rather than proof beyond a reasonable doubt, to determine whether the California DUI conviction meets the definition under former RCW 46.61.5055(13)(a)(vi) and would have been a DUI conviction if committed in Washington. We disagree with Chambers' assertion.
¶ 34 To determine whether a foreign crime is comparable as a matter of law, the court must look to the elements of the crime. See In re Pers. Restraint of Lavery, 154 Wash.2d 249, 255, 111 P.3d 837 (2005); State v. Morley, 134 Wash.2d 588, 606, 952 P.2d 167 (1998). Here, the record is clear that the trial court engaged in a legal analysis in comparing the elements of the California DUI crime and Washington DUI crime. The trial court correctly concluded the elements were nearly identical, and as a matter of law, the California DUI conviction meets the definition under former RCW 46.61.5055(13)(a)(vi) because it would have violated the Washington DUI statute. See Lavery, 154 Wash.2d at 254, 111 P.3d 837; Morley, 134 Wash.2d at 605-06, 952 P.2d 167.[11]

CONCLUSION
¶ 35 While the State must prove beyond a reasonable doubt the existence of four or more prior DUI offenses within ten years in order to convict a defendant of felony DUI in violation of RCW 46.61.502(6), whether a prior offense meets the statutory definition in former RCW 46.61.5055(13) and qualifies as a predicate offense, is a threshold determination to be decided by the trial court. Here, the court correctly decided as a matter of law, that the elements of the California DUI conviction meet the definition under former RCW 46.61.5055(13)(a)(vi) and would have been a DUI violation under Washington law. The to-convict instruction also properly required the State to prove beyond a reasonable doubt that Chambers had at least "four prior offenses within ten years." We affirm.
¶ 36 WE CONCUR: LEACH, A.C.J., and DWYER, C.J.
NOTES
[1] RCW 46.61.502(6) elevates a misdemeanor to a felony. RCW 46.61.502(6) was originally enacted in 2006 and took effect on July 1, 2007, approximately two months before Chambers' arrest on August 27. RCW 46.61.502(6) was amended in 2008 to also provide that it is a felony DUI if a person has been previously convicted of an out-of-state offense comparable to the offense of vehicular homicide or vehicular assault in Washington. Laws of 2008, ch. 282, § 20. RCW 46.61.5055(13) was amended in 2008. Subsection 13 defining "prior offense" was renumbered as subsection 14. Laws of 2008, ch. 282, § 14.
[2] In an amended information, the State charged Chambers with driving with a suspended license (DWLS). Chambers waived a jury trial on the DWLS charge, and the court found her guilty. Chambers does not appeal that conviction or imposition of the concurrent twelve-month sentence.
[3] The language of the Seattle Municipal Code (SMC) 11.56.020 is virtually identical to the language of the DUI statute, RCW 46.61.502, and the physical control DUI statute, RCW 46.61.504.
[4] However, Chambers reiterated her argument that the jury should not consider evidence of the prior convictions.
[5] The first proposed defense jury instruction states:

Under California law a "driver" is a person who drives or is in actual physical control of a vehicle.
The second proposed instruction states:
Under Washington law no person may be convicted of physical control of a motor vehicle while under the influence of or affected by intoxicating liquor if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the road.
The third proposed instruction states:
Under California law it is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle.
The fourth proposed instruction states:
Under California law a "vehicle" is a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks.
[6] California Vehicle Code § 23152(a) provides:

It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle.
The Washington DUI statute, former RCW 46.61.502(1) provides:
(1) A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state:
(a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or
(b) While the person is under the influence of or affected by intoxicating liquor or any drug; or
(c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.
[7] Although Chambers agreed to the to-convict instruction below, the omission of an element is a constitutional error that may be raised for the first time on appeal. State v. Mills, 154 Wash.2d 1, 6, 109 P.3d 415 (2005); RAP 2.5(a)(3).
[8] RCW 46.61.502(1) provides "[a] person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state:

(a) And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or
(b) While the person is under the influence of or affected by intoxicating liquor or any drug; or
(c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.
[9] (Emphasis added).
[10] (Emphasis added).
[11] Similarly, because a factual comparability analysis is limited to facts that were proved to a trier of fact beyond a reasonable doubt or were admitted or stipulated to by the defendant, a preponderance of the evidence standard is not implicated State v. Thomas, 135 Wash.App. 474, 480, 144 P.3d 1178 (2006); Lavery, 154 Wash.2d at 258, 111 P.3d 837.