IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>               Respondent,<br><br>      v.<br><br>DWIGHT D. BENSON,<br><br>               Appellant. | No. 83255-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, J. — Dwight D. Benson appeals from his conviction for a single felony count of driving while under the influence. Benson raised a colorable, fact-specific claim that a predicate conviction used to elevate his charge to a felony is constitutionally invalid for that purpose, but the trial court failed to apply the correct legal standard to his pretrial challenge. Accordingly, we reverse.

## FACTS

After a stipulated facts bench trial, Dwight D. Benson was found guilty of felony driving while under the influence (DUI). The charge, which arose from an arrest in 2019 (2019 felony DUI), was elevated to a felony based on Benson's

Citations and pin cites are based on the Westlaw online version of the cited material.

prior conviction for felony DUI in 2014 after entry of a guilty plea. The 2014 conviction was based on an incident which occurred in 2011 (2011 felony DUI).[1] The 2011 felony DUI, in turn, was based on four prior misdemeanor DUI convictions which occurred within ten years of Benson's arrest on the 2011 charge, as defined by former RCW 46.61.502(6). The predicate misdemeanor DUI offenses the State relied upon to elevate the 2011 DUI to a felony were: a 2009 conviction from Seattle Municipal Court, a 2007 conviction from Seattle Municipal Court, a 2007 conviction from Tacoma Municipal Court, and a 2006 conviction from Mount Vernon Municipal Court (MVM DUI).

Prior to trial in the 2019 case, Benson sought to exclude the 2011 felony DUI conviction as invalid to support the current charge, asserting it was obtained in violation of his constitutional right to effective counsel. In particular, he attacked the validity of the 2011 felony DUI by challenging the underlying misdemeanor convictions, but the motion was denied. The parties proceeded to a bench trial after entering a stipulation of facts. On October 18, 2021, Benson was convicted of felony DUI, driving while license revoked in the first degree, and reckless driving. Upon the State's motion, the court dismissed the two misdemeanor counts.

The court imposed a high end sentence of 84 months in prison, followed by 12 months of community custody supervision by the Department of Corrections. Benson requested credit for the period of time he served on pretrial electronic home monitoring (EHM) which he had completed through a private

---

[1] See former RCW 46.61.502(6) (2008), amended by LAWS OF 2011, ch. 293, § 2.

company with the permission of the court. The court denied that motion, but allowed for reconsideration if defense was able to provide additional documentation. A different judge heard the renewed motion for credit for the pretrial EHM a few months later and denied Benson's request based on a determination that the evidence he provided was insufficient. The judge also denied Benson's request for additional time to meet the newly-articulated evidentiary standard and stated, "I think the trial court here in this case, work is completed and I think the proper venue may be for an appeal." Benson timely appealed.

ANALYSIS

Benson challenges the court's denial of his motion for credit for pretrial time served on EHM and SCRAM[2] monitoring, which was twice authorized by the court in conjunction with a bond requirement and several other detailed conditions of release. He also assigns error to the imposition of community custody supervision fees, despite the court's finding of indigency. The State concedes error as to the second challenge and agrees to remand for correction of the judgment and sentence in that regard. Benson also filed a statement of additional grounds for review (SAG) which asserts the court's denial of his pretrial motion to exclude the 2011 felony DUI was erroneous, focusing on issues related to his 2006 MVM DUI. Because the SAG issue is dispositive, we need not analyze the other assignments of error.

---

[2] Secure Continuous Remote Alcohol Monitor.

I. Predicate Offenses for Felony DUI

To convict an individual of a felony DUI, the State must prove beyond a reasonable doubt the existence of any necessary predicate convictions[3] as an essential element of the crime. State v. Chambers, 157 Wn. App. 465, 481, 237 P.3d 352 (2010). The validity of the predicate offense "is a threshold determination to be decided by the trial court," rather than a question for the jury. Id. Our standard of review here is two-fold. Benson challenged the predicate offense through a motion in limine. This court reviews the denial of a motion in limine for an abuse of discretion. State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). However, the constitutional validity of a predicate offense is a legal question that we review de novo. State v. Robinson, 8 Wn. App. 2d 629, 635, 439 P.3d 710 (2019). By challenging predicate offenses, the accused disputes the underlying convictions, not as a collateral attack, but in order "'to foreclose the prior conviction's present use to establish an essential element'" of the crime. State v. Summers, 120 Wn.2d 801, 810, 846 P.2d 490 (1993) (alteration in original) (quoting State v. Swindell, 93 Wn.2d 192, 196, 607 P.2d 852 (1980)). Our State Supreme Court and Court of Appeals have consistently held that the accused may seek to defend against numerous types of crimes, including a felony DUI, "by alleging the constitutional invalidity of a predicate conviction." Id. at 812; see also State v. Reed, 84 Wn. App. 379, 928 P.2d 469 (1997) (unlawful

---

[3] Under former RCW 46.61.502(6) (2008), a DUI may be elevated to a class C felony if the accused has previously been convicted of four misdemeanor DUIs within the immediately preceding ten years, or for either vehicular homicide, vehicular assault, or felony DUI. The State is required to prove the predicate offense(s) beyond a reasonable doubt, just as any other element of a crime. State v. Chambers, 157 Wn. App. 465, 478, 237 P.3d 352 (2010).

possession of a firearm), Chambers, 157 Wn. App. 465 (felony DUI), Robinson, 8 Wn. App. 2d 629 (felony violation of a no-contact order). To challenge a predicate offense, "the defendant bears the initial burden of offering a colorable, fact-specific argument supporting the claim of constitutional error in the prior conviction." Summers, 120 Wn.2d at 812. If they meet this burden, then "the State must prove beyond a reasonable doubt that the predicate conviction is constitutionally sound" in order to use the prior conviction as evidence to satisfy an essential element of the crime. Id.

II. Constitutional Validity Undermined by Ineffective Assistance of Counsel

Prior to trial, Benson challenged the use of his conviction for the 2011 felony DUI as a predicate offense for the current felony DUI charge. Benson argued in the trial court, and renews the argument in his SAG, that he was denied his right to effective counsel because his trial and appellate counsel for the 2011 felony DUI case failed to investigate whether his misdemeanor predicate offenses could validly support a felony charge.

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's performance was deficient, and this deficient performance caused prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's duty to provide effective representation includes "assisting the defendant in making an informed decision as to whether to plead guilty or to proceed to trial." State v. A.N.J., 168 Wn.2d 91, 111, 225 P.3d 956 (2010). "[A]t the very least, counsel must reasonably

evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty." Id. at 111-112. Benson asserts both his trial and appellate counsel failed to adequately investigate the constitutional validity of the misdemeanor predicate offenses underlying the 2011 felony DUI and were therefore deficient in assisting him in evaluating the decision to plead guilty.

Benson initially proceeded to trial on the 2011 felony DUI charge represented by Derek Smith. After he was convicted by a jury, Oliver Davis represented Benson on the direct appeal. A panel of this court affirmed his conviction. He petitioned for review by the Washington State Supreme Court, which accepted review based on an alleged error under Batson.[4] Prior to review by the Supreme Court, Benson reached a plea deal with the King County Prosecutor's Office wherein Benson admitted guilt to the 2011 felony DUI and agreed to withdrawal of the appeal. In the instant case, as part of Benson's motion in limine to exclude the prior convictions, both Davis and Smith testified before the trial court that, while they confirmed the facial validity of all misdemeanor predicate offenses underlying the 2011 felony DUI, they did not believe it was possible to challenge the constitutionality of the predicate offenses.

One of the misdemeanor DUIs Benson contends is invalid as a predicate offense is the 2006 MVM DUI. Benson was represented by John Kainen on that case and was convicted after a jury trial. He appealed the conviction to Skagit

---

[4] Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

County Superior Court under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) and was appointed a public defender, Morgan Witt, for the phase of litigation beginning on September 14, 2007. Witt remained attorney of record on Benson's RALJ appeal until June 2012. Witt was one of the subjects of a 2011 federal class action, Wilbur v. City of Mount Vernon,[5] alleging the cities of Mount Vernon and Burlington systematically violated the constitutional rights of indigent defendants by failing to provide effective representation.[6]

After the Wilbur trial, the federal court for the Western District of Washington found that "[t]here is almost no evidence that [attorneys] Sybrandy and Witt conducted investigations in any of their thousands of cases, nor is there any suggestion that they did legal analysis regarding the elements of the crime charged or possible defenses."[7] "The appointment of counsel was, for the most part, little more than a formality, a stepping stone on the way to a case closure or plea bargain having almost nothing to do with the individual indigent defendant," the court held. The court continued, stating that "[a]dversarial testing of the government's case was so infrequent that it was virtually a non-factor in the functioning of the Cities' criminal justice system." Benson argues that the 2006

---

[5] 989 F. Supp. 2d 1122 (W.D. Wash. 2013).

[6] The certified class was described as "[a]ll indigent persons who have been or will be charged with one or more crimes in the municipal courts of either Mount Vernon or Burlington, who have been or will be appointed a public defender, and who continue to have or will have a public defender appearing in their cases." Wilbur v. City of Mount Vernon, 298 F.R.D. 665 (W.D. Wash. 2012).

[7] Quotes from the Wilbur proceedings are found in the final decision from that case, available in various federal reporters. However, Benson's counsel filed selected pleadings and orders from the Wilbur litigation as appendices in support of the motion to exclude and the trial court considered them in this manner. This panel relied only on the materials contained in the record from the trial court.

MVM DUI should be excluded due to a structural error of constitutional magnitude predicated on the findings by the federal court. He alleges there was a "complete denial of counsel" and therefore he need not demonstrate prejudice. See United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

Benson is a member of the Wilbur class, as he was charged with a crime in the Mount Vernon Municipal Court and was appointed a public defender (one of the public defenders named in the class action) to appear in his RALJ appeal to the superior court. Because the federal court held that Witt's representation in his cases was "little more than a formality," and that there was infrequent adversarial testing of the State's case against criminal defendants, Benson need not demonstrate prejudice. Where "the process loses its character as a confrontation between adversaries," such as where defense counsel "'entirely fail[s] to subject the prosecution's case to meaningful adversarial testing,'" there is a presumption of prejudice. State v. Webbe, 122 Wn. App. 683, 694-95, 94 P.3d 994 (2004) (quoting Cronic, 466 U.S. at 657-59). Benson was denied his constitutional right to effective representation in appealing his MVM DUI conviction such that the misdemeanor cannot support a felony DUI conviction.

Alternatively, Benson meets both prongs of the Strickland test. Witt failed to designate a report of proceedings from the trial. The City filed a transcript of a CrRLJ 3.6 hearing, but Witt assigned error to sentencing decisions which were not included in the transcript of the 3.6 hearing. Further, Benson's RALJ appeal languished from November 2008, when Witt filed an opening brief, until

-8-

November 2011, when the appeal was dismissed for want of prosecution. Under RALJ 10.2(a), a superior court will dismiss an appeal for want of prosecution "if there has been no action of record for 90 days." A notice of withdrawal and substitution of counsel was not filed until June 2012. The case was not noted for calendar until September 2012, after counsel had been substituted. Benson testified that he only spoke with Witt twice during the appeal: he did not know whether it was ever filed until "months later" when "someone else called me to tell me we lost the appeal." By the time of the pretrial hearing on the 2019 felony DUI in April 2021, the recording of the original trial and sentencing had been destroyed due to the age of the case. Witt filed an opening brief in the RALJ appeal, but cited only WAC 448-16-10, WAC 448-16-20, WAC 448-16-090, and RCW 46.61.506. He did not quote from the statute or the rules and only cursorily concluded that their requirements were met without stating what the requirements are. Witt identified a sentencing error, but provided no argument in support of the claim. While we generally defer to decisions of defense counsel and will not find deficient performance where "'counsel's conduct can be characterized as legitimate trial strategy or tactics,'"[8] there is no legitimate strategy in failing to designate the record on appeal, failing to timely set a case for argument, or failing to provide legal authority and argument in support of errors in an appellate brief. Counsel's performance was deficient, meeting the first prong of the Strickland test.

---

[8] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009)).

Next, Benson establishes that Witt's deficient performance prejudiced him. Benson must demonstrate a "'reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" State v. Grier, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). Here, after consideration of a brief that did not conform to the RALJ, and in the absence of a trial record, Benson's MVM DUI conviction was affirmed by the Skagit County Superior Court.

Defense counsel in the 2019 felony DUI investigated not only the predicate 2011 felony DUI, but also further back into the misdemeanor DUI convictions that served as predicate offenses in the 2011 case. In support of Benson's claim that the State should not be able to introduce the 2011 felony DUI to satisfy an essential element in the 2019 felony DUI case, counsel submitted documentation regarding the MVM DUI, including the memorandum of decision from the Wilbur proceedings in federal court, the docket entries in the case from both Mount Vernon Municipal Court and Skagit County Superior Court, and correspondence with the court regarding the availability of the record from the original trial. In ruling on Benson's motion to exclude the 2011 felony DUI, the trial court in the 2019 felony DUI stated Benson failed to show prejudice because the quality of briefing is not typically determinative of an appeal, and an appellate judge will conduct independent research rather than relying on citations provided by the parties. This reasoning defies our long-held case law providing

-10-

that "[p]assing treatment of an issue, lack of reasoned argument, or conclusory arguments without citation to authority are not sufficient to merit judicial consideration," and appellate courts will generally not consider assignments of error with insufficient support. Winter v. Dep't of Soc. and Health Servs., 12 Wn. App. 2d 815, 835, 460 P.3d 667 (2020); see also Prostov v. Dep't of Licensing, 186 Wn. App. 795, 823, 349 P.3d 874 (2015) ("A party abandons assignments of error unsupported by argument, and they will not be considered on appeal."). As such, the superior court, in its appellate capacity, was not required to consider (and, in fact, was discouraged from considering) Witt's arguments on appeal. The RALJ court wrote only that "there are no errors of fact or law made by the Mount Vernon Municipal Court." The superior court, when sitting in its appellate capacity, does not review the entirety of the trial de novo, but must necessarily focus on challenges raised by counsel and will only consider the record designated on appeal. There was a reasonable probability that, with timely pursuit of the RALJ appeal, effective appellate argument, and a record to review, the court might have decided differently. Appointed counsel on Benson's RALJ appeal "'entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing,'" undermining our confidence in the outcome of that case. Webbe, 122 Wn. App. at 695 (alteration in original) (quoting Cronic, 466 U.S. at 659). Benson has met both prongs of the test and demonstrated that his 2006 MVM DUI conviction is not a constitutionally valid predicate offense to support

elevation of a charge to a felony, as he was denied his right to effective representation during the appellate phase of that case.[9]

Benson's trial and appellate counsel in his 2011 felony DUI conviction failed to sufficiently investigate the constitutional validity of this predicate misdemeanor offense; it could not have legally supported a felony conviction under former RCW 46.61.5055(14)(a), regardless of his guilty plea. Both attorneys testified that they were unaware of the ability to challenge the constitutionality of the predicate convictions, other than facial validity, and at the time of their testimony still believed there was no ability to challenge the predicates. "Reasonable conduct for an attorney includes carrying out the duty to research the relevant law." Kyllo, 166 Wn.2d at 862. Without an adequate investigation, appellate counsel was unable to provide effective representation in the plea negotiations which occurred after Benson filed his petition for review to our Supreme Court. See A.N.J., 168 Wn.2d at 109. And, finally, there is no legitimate trial strategy in failing to challenge unconstitutional predicate offenses. See Grier, 171 Wn.2d at 33; see also In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 102, 351 P.3d 138 (2015) ("there is no conceivable tactical or strategic purpose" in failing to research or apply the relevant law). Without the MVM DUI as a predicate misdemeanor conviction, Benson could not have been convicted of the 2011 felony DUI under former RCW 46.61.502(6) as a matter of

---

[9] Benson's pretrial motion in the 2019 felony DUI case challenged all four predicate misdemeanor convictions underlying the 2011 felony DUI, but the SAG filed in this appeal focuses mainly on his MVM DUI, so we direct our attention there as well. The constitutional infirmity of one predicate misdemeanor DUI may be sufficient to preclude a felony DUI conviction under former RCW 46.61.502(6). The challenge to the MVM DUI conviction is amply supported by the trial record and as we need not reach the other convictions we decline to do so.

law. Therefore, "'there is a reasonable probability that . . . the outcome of the proceedings would have been different'" in the 2011 felony DUI case. Grier, 171 Wn.2d at 34 (quoting Kyllo, 166 Wn.2d at 862).

Benson raised a colorable, fact-specific, claim of constitutional infirmity of the predicate conviction and the court erred in finding otherwise. The burden then shifted to the State to prove beyond a reasonable doubt that the predicate offense was constitutional for purposes of validly supporting a felony DUI charge. The trial judge's failure to hold the State to this burden was error. Our de novo review of the challenged predicate offenses demonstrates that the 2006 MVM DUI is constitutionally invalid for this purpose because of ineffective assistance of counsel. On that basis, the 2011 felony DUI was also constitutionally invalid as a predicate offense and should have been excluded. The court erred in its ruling to allow the State to use evidence of the 2011 felony DUI conviction to satisfy an essential element of the 2019 felony DUI. Accordingly, we reverse.

_____

WE CONCUR:

_____    _____
Cheung, J.                 Smith, A.C.J.

-13-